IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RENARDO NEHEMIAH LEWIS and
LUBREEZE LEWIS-[FRANKLIN], )
)
)
Plaintiffs )
)
v. ) CIVIL ACTION
)
CITY OF MARIETTA; DAN FLYNN ) FILE NO. 1:21-CV-01883-ELR
Police Chief Individual and Professional )
Capacity; Officers Enrique Mallen [now )
terminated], Individual and Professional )
Capacity; Officer Joshua Madison, )
Individual and Professional Capacity; )
Officer Stacey Fowler, Individual and )
Professional Capacity; Officer Noah Mack, )
Individual and Professional Capacity; Cobb )
County Sheriff Neil Warren, in his Personal )
and Professional Capacity; MUHAMMED )
IFTIKHAR CEO, Individual and Personal; )
IFTIKHAR ENTERPRISES, INC., doing )
business as IHOP; David Vanzant, in his )
Individual and Professional Capacity as )
Cook/Floor Manager; Joseph "Bubba" )
Sudderth, in his Individual and Professional )
Capacity and JOHN DOE(S) (to be named )
later), )
)
Defendants. )

ANSWER OF DEFENDANT JOSEPH "BUBBA" SUDDERTH,
IN HIS INDIVIDUAL AND PROFESSIONAL CAPACITY,
TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Joseph "Bubba" Sudderth, (incorrectly sued as

Joseph "Bubba" Sudderth in his Individual and Professional Capacity) and answers

Plaintiffs' Complaint, showing this Court as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

## SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to whatever damage the Plaintiffs may have sustained, and on account thereof, Plaintiffs are not entitled to recover any sum of this Defendant.

## THIRD DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the negligence of the Plaintiffs and/or some other person or persons for whom this Defendant was not responsible, and on account thereof, Plaintiffs are not entitled to recover any sum of this Defendant.

## FOURTH DEFENSE

Plaintiffs, by the exercise of ordinary care, could have avoided being injured and damaged, and on account thereof, Plaintiffs are not entitled to recover any sum of this Defendant.

## FIFTH DEFENSE

The negligence of Plaintiffs equaled or preponderated over any act or omission of the Defendant in producing and bringing about the occurrence complained of, and on account thereof, Plaintiffs are not entitled to recover any sum of this Defendant.

## SIXTH DEFENSE

Plaintiffs' Complaint is barred by the applicable statute of limitation.

## SEVENTH DEFENSE

Plaintiffs are barred from bringing the instant action by the doctrine of laches.

## EIGHTH DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs' claims for punitive damages violate the equal protection and due process clauses of the Georgia and United States Constitutions, as amended.  U.S. Const. Amend XIV.  Ga. Const. of 1983, as amended, Article I, Section I, Paragraph I and Article I, Section I, Paragraph II.

## NINTH DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs' claims for punitive damages violate the excessive fines protection of the Georgia and United States Constitutions, as amended.  U.S. Const. Amend VIII.  Ga. Const. of 1983, as amended, Article I, Section I, Paragraph XVII.

## TENTH DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs' claims for punitive damages violate the double jeopardy provisions of the Georgia and United States Constitutions, as amended.  U.S. Const. Amend V.  Ga. Const. of 1983, as amended, Article I, Section I, Paragraph XVIII.

## ELEVENTH DEFENSE

Plaintiffs' right of recovery would be barred or reduced commensurately with any contributory or comparative fault determined by the trier of fact.

## TWELFTH DEFENSE

Pursuant to F.R.C.P., Rule 38 and O.C.G.A. § 15-12-122(a)2, this Defendant demands that all matters in this case be tried before a jury.

## THIRTEENTH DEFENSE

Plaintiffs' Complaint fails to establish that this Defendant owed any legal duty to the Plaintiffs.

## FOURTEENTH DEFENSE

This Defendant shows that he did not breach any legal duty he may have owed to Plaintiffs based upon the allegations contained in Plaintiffs' Complaint.

## FIFTEENTH DEFENSE

To the extent that the Plaintiffs have made claims for premises liability against Joseph "Bubba" Sudderth in his individual and professional capacity for premises liability under Count 26, Plaintiff had superior and/or equal knowledge of the alleged hazard and is therefore barred from any recovery.

## SIXTEENTH DEFENSE

Further answering the numbered paragraphs of the Plaintiffs' Complaint, Defendant shows the Court as follows:

1.

This Defendant admits that he is located in the State of Georgia, and within the confines of Cobb County, Georgia.  This Defendant further admits that the alleged incidents of which the Plaintiffs complain took place within the confines of Marietta, Cobb County, Georgia, and that the alleged IHOP business is also located within the confines of Marietta, Georgia.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3.

Denied.

4.

This Defendant denies the allegations contained in Paragraph 4 of the Plaintiffs' Complaint to the extent that the Plaintiffs are contending the doctrine of sovereign immunity has any applicability to the claims stated against this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

5.

Denied.

6.

This Defendant admits that he has purportedly been sued in his alleged individual and professional capacity as stated in the styling of the Plaintiffs' Complaint.  This Defendant denies that such capacities apply to this Defendant as stated in the Plaintiffs' Complaint.  This Defendant further denies the balance of the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

7.

This Defendant admits that Plaintiff Renardo Lewis (hereinafter "Plaintiff Lewis) entered the IHOP in question in late March of 2019, apparently in order to purchase food.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.

8.

This Defendant admits that at some point during the conversation between this Defendant and the Plaintiff Lewis that this Defendant did indicate that they had to re-stock certain items, including bacon.  This Defendant denies the balance of the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.

9.

Denied.

10.

This Defendant does admit that the Plaintiff exited the IHOP for a few minutes and later returned. This Defendant denies the balance of the allegations contained in Paragraph 10 of the Plaintiffs' Complaint.

11.

This Defendant admits that at some point during the conversation between this Defendant and the Plaintiff Lewis that this Defendant did indicate that they had to re-stock certain items, including bacon. This Defendant denies the balance of the allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12.

This Defendant admits that there were words exchanged between this Defendant and Plaintiff Lewis. This Defendant denies the balance of the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13.

Denied as stated.

14.

This Defendant admits that at some point during the conversation that he walked away from Plaintiff Lewis. This Defendant denies the balance of the allegations contained in Paragraph 14 of the Plaintiffs' Complaint, including any insinuations or innuendoes contained therein.

15.

This Defendant admits that at some point a call was made to the police. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 15 of the Plaintiffs' Complaint.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 16 of the Plaintiffs' Complaint.

17.

This Defendant admits that at some point, the police did arrive at the scene. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 17 of the Plaintiffs' Complaint.

18.

This Defendant admits that at some point he did discuss his encounter with the Plaintiffs with police officers at the subject IHOP. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 18 of the Plaintiffs' Complaint.

19.

Denied as stated.

20.

Denied as stated.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 21 of the Plaintiffs' Complaint.

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 22 of the Plaintiffs' Complaint.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 23 of the Plaintiffs' Complaint.

24.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 24 of the Plaintiffs' Complaint.

25.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 25 of the Plaintiffs' Complaint.

26.

This Defendant admits that at some point, the officers did attempt to separate the various parties during the altercation.  This Defendant denies the balance of the allegations contained in Paragraph 26 of the Plaintiffs' Complaint, including any insinuations or innuendoes contained therein.

27.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 27 of the Plaintiffs' Complaint.

28.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 28 of the Plaintiffs' Complaint.

29.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 29 of the Plaintiffs' Complaint.

30.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 30 of the Plaintiffs' Complaint.

31.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 31 of the Plaintiffs' Complaint.

32.

This Defendant admits that at some point after the altercation, that Plaintiff Lewis was apparently charged with various crimes.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

33.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 33 of the Plaintiffs' Complaint.

34.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 34 of the Plaintiffs' Complaint.

35.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 35 of the Plaintiffs' Complaint.

36.

This Defendant understands that at some point Plaintiff Lewis was indicted for various crimes.

37.

This Defendant admits that at some point, the Plaintiff apparently did hire counsel.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 37 of the Plaintiffs' Complaint.

38.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 38 of the Plaintiffs' Complaint.

39.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 39 of the Plaintiffs' Complaint.

40.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 40 of the Plaintiffs' Complaint.

41.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 41 of the Plaintiffs' Complaint.

42.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 42 of the Plaintiffs' Complaint.

43.

Denied.

44.

This Defendant understands generally, that the criminal prosecution against Plaintiff Lewis was dismissed at some point. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 44 of the Plaintiffs' Complaint.

45.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 45 of the Plaintiffs' Complaint.

46.

This Defendant denies that he violated any Fourth Amendment rights of the Plaintiff under § 1983 or otherwise.   This Defendant denies the balance of the allegations contained in Paragraph 46 of the Plaintiffs' Complaint.

47.

Denied.

48.

This Defendant denies that the Marietta police officers or anyone else at the scene was acting at the behest of this Defendant or at the specific instruction of this Defendant at any time.   This Defendant denies the balance of the allegations contained in Paragraph 48 of the Plaintiffs' Complaint.

49.

Denied.

50.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 50 of the Plaintiffs' Complaint.

51.

Denied.

52.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 52 of the Plaintiffs' Complaint.

53.

Denied.

54.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 54 of the Plaintiffs' Complaint.

(Unnumbered paragraph beginning with the words

"Under Georgia law, malicious prosecution claims...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint beginning with the words "Under Georgia law, malicious prosecution claims..." as well as the Subparagraphs marked "A" through "D" which immediately follow Paragraph 54 of the Plaintiffs' Complaint.

55.

Denied.

56.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 56 of the Plaintiffs' Complaint.

57.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 57 of the Plaintiffs' Complaint.

58.

This Defendant understands, generally, that the criminal prosecution was terminated at some point.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 58 of the Plaintiffs' Complaint.

(Unnumbered paragraph of Plaintiffs' Complaint

starting with the words "The Fourth Amendment requires...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint that begins with the words "The Fourth Amendment requires..." contained after Paragraph 58 of the Plaintiffs' Complaint.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 59 of the Plaintiffs' Complaint.

60.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 60 of the Plaintiffs' Complaint.

61.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 61 of the Plaintiffs' Complaint.

62.

Denied as stated.

63.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 63 of the Plaintiffs' Complaint.

64.

Denied.

(Unnumbered paragraph beginning with the words

"A false imprisonment claim under 42 U.S.C. § 1983...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint beginning with the words "A false imprisonment claim under 42 U.S.C. § 1983...", as well as the two numbered sentences labeled (1) and (2), which immediately follow Paragraph 64 of the Plaintiffs' Complaint.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant. This Defendant denies the balance of the allegations contained in Paragraph 68 of the Plaintiffs' Complaint.

69.

Denied.

70.

Denied.

71.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 71 of the Plaintiffs' Complaint.

72.

Denied.

73.

Once again, this Defendant is only aware that at some point the criminal charges pending against Plaintiff Lewis were dismissed.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 73 of the Plaintiffs' Complaint.

(Unnumbered paragraphs of the Plaintiffs' Complaint
beginning with the words "Under Georgia law...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraphs of the Plaintiffs' Complaint beginning with the words "Under Georgia law...", which immediately follow Paragraph 73 of the Plaintiffs' Complaint.

74.

Denied.

75.

Denied.

76.

Denied.

77.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 77 of the Plaintiffs' Complaint.

78.

Denied.

79.

Denied.

80.

This Defendant denies that Plaintiff Lewis was falsely imprisoned or that this Defendant had any connection to the Plaintiffs' alleged claim of false imprisonment. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 80 of the Plaintiffs' Complaint.

(Unnumbered paragraph of the Plaintiffs' Complaint immediately following Paragraph 80 beginning with the words "Under Georgia law, a criminal prosecution that is pursued maliciously...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint immediately following Paragraph 80 beginning with the words "Under Georgia law, a criminal prosecution that is pursued maliciously...".

81.

Denied.

82.

Denied.

83.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 83 of the Plaintiffs' Complaint.

84.

Denied.

85.

Denied.

86.

This Defendant understands that Plaintiff Lewis was charged with various crimes at some point after the alleged event.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 86 of the Plaintiffs' Complaint.

87.

This Defendant understands, generally, that the charges against Plaintiff Lewis were dismissed at some point.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 87 of the Plaintiffs' Complaint.

(Unnumbered paragraph beginning with the words

"The four elements which must be proved in order

to sustain a claim of intentional infliction..." )

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint immediately following Paragraph 87 which begin with the words "The four elements which must be proved in order to sustain a claim of intentional infliction...".

88.

Denied.

89.

Denied.

90.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 90 of the Plaintiffs' Complaint.

91.

Denied.

(Unnumbered paragraph beginning with the words "In

Georgia, liability for negligent hiring..." )

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint which begins with the words "In Georgia, liability for negligent hiring...", as well as the following three paragraphs labeled "a." "b," and "c." which immediately follow paragraph 91.

92.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 92 of the Plaintiffs' Complaint.

93.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 93 of the Plaintiffs' Complaint.

94.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 94 of the Plaintiffs' Complaint.

(Three unnumbered paragraphs of Plaintiffs' Complaint

immediately following Paragraph 94 beginning with

the words "Every person who, under color of any statute...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the three unnumbered paragraphs immediately following Paragraph 94 of the Plaintiffs' Complaint beginning with the words "Every person who, under color of any statute...".

95.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 95 of the Plaintiffs' Complaint.

96.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 96 of the Plaintiffs' Complaint.

97.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 97 of the Plaintiffs' Complaint.

(Unnumbered paragraph immediately following Paragraph 97

of the Plaintiffs' Complaint beginning with the words

"A false imprisonment claim under 42 U.S.C. § 1983...)

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph, as well as the subparts labeled (1) and (2) thereafter, which immediately following Paragraph 97 of the Plaintiffs' Complaint beginning with the words "A false imprisonment claim under 42 U.S.C. § 1983...".

98.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 98 of the Plaintiffs' Complaint.

99.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 99 of the Plaintiffs' Complaint.

100.

Denied, to the extent that any such claims are made against this Defendant or are intended to be made against this Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 100 of the Plaintiffs' Complaint to the extent that such claims are made against Defendants other than this Defendant.

101.

Once again, this Defendant is generally aware that criminal charges were dismissed against Plaintiff Lewis.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 101 of the Plaintiffs' Complaint.

(Unnumbered paragraphs immediately following Paragraph

101 beginning with the words "Under Georgia law...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraphs of the Plaintiffs' Complaint immediately following Paragraph 101 beginning with the words "Under Georgia law...".

102.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 102 of the Plaintiffs' Complaint.

103.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 103 of the Plaintiffs' Complaint.

(Unnumbered paragraph of the Plaintiffs' Complaint

immediately following Paragraph 103 that begins with the words

"It is a well-established principle that a public official...")

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint immediately following Paragraph 103 beginning with the words "It is a well-established principle that a public official...".

104.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 104 of the Plaintiffs' Complaint.

105.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 105 of the Plaintiffs' Complaint.

106.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 106 of the Plaintiffs' Complaint.

107.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 107 of the Plaintiffs' Complaint.

108.

This Defendant admits that this Defendant is not a state official. This Defendant denies that this Defendant acted under color of state law by conspiring with one or more other state officials to deprive Plaintiff of a federal right. This Defendant also denies that he was involved in any conspiracy to the extent such allegation is made in paragraph 108 of the Plaintiffs' Complaint. This Defendant denies the balance of the allegations contained in Paragraph 108 of the Plaintiffs' Complaint.

109.

Denied.

110.

Denied.

111.

Denied.

112.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant. This Defendant denies the balance of the allegations contained in Paragraph 112 of the Plaintiffs' Complaint.

113.

Denied.

114.

Denied.

115.

This Defendant admits that his general understanding, once again, was that at some point Plaintiff Lewis had criminal charges against him dismissed. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 115 of the Plaintiffs' Complaint.

(Unnumbered paragraph of the Plaintiffs' Complaint immediately

following Paragraph 115 beginning with the words

"Under Georgia law, malicious prosecution claims arise...")

This Defendant denies that he was responsible for any alleged malicious prosecution claims that the Plaintiff asserts. This Defendant denies the balance of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint, as well as the subparagraphs labeled "a.", "b.", "c." and "d.", which immediately follow Paragraph 115, and begin with the words "Under Georgia law, malicious prosecution claims arise...".

116.

Denied.

117.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 117 of the Plaintiffs' Complaint.

118.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 118 of the Plaintiffs' Complaint.

119.

This Defendant once again denies that he was responsible for any alleged malicious prosecution claims that the Plaintiff asserts.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 119 of the Plaintiffs' Complaint.

(Unnumbered paragraph of Plaintiffs' Complaint

beginning with the words "The Fourth Amendment

requires individual justification...")

This Defendant denies that he violated any Fourth Amendment rights of the Plaintiff under the Civil Rights Act or any other Act.  This Defendant denies the balance of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint immediately following Paragraph 119 that begins with the words "The Fourth Amendment requires individual justification...".

120.

Denied.

121.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant. This Defendant denies the balance of the allegations contained in Paragraph 121 of the Plaintiffs' Complaint.

122.

Denied.

123.

Denied as stated.

124.

Denied.

125.

Denied.

(Unnumbered paragraph labeled "a."

immediately following paragraph 125)

This Defendant denies that he was responsible for any alleged malicious prosecution claims that the Plaintiff asserts. This Defendant does generally understand that Defendant Lewis had criminal charges against him dismissed at some point. This Defendant denies the balance of the allegations made in the unnumbered paragraph labeled "a." which immediately follows paragraph 125.

(Unnumbered paragraph beginning "A false imprisonment claim under 42 U.S.C. § 1983..." immediately after unnumbered paragraph "a.").

This Defendant denies that he falsely imprisoned the Plaintiff under 42 U.S.C. § 1983 and/or any other law. This Defendant denies the balance of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint beginning with the words "A false imprisonment claim under 42 U.S.C. § 1983...", as well as the following sub parts labeled (1) and (2), which immediately follow the unnumbered paragraph labeled "a.".

126.

Denied.

127.

Denied.

128.

Denied.

129.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies the balance of the allegations contained in Paragraph 129 of the Plaintiffs' Complaint.

130.

Denied.

131.

Denied.

132.

This Defendant denies that he was responsible for any alleged malicious prosecution claims that the Plaintiffs assert.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations made in Paragraph 132 of the Plaintiffs' Complaint.

133.

This Defendant denies that he was responsible for any alleged malicious prosecution claims that the Plaintiffs assert.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations made in Paragraph 133 of the Plaintiffs' Complaint.

134.

Denied as stated.

135.

This Defendant denies that he was responsible for any alleged malicious prosecution claims that the Plaintiff asserts.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 135 of the Plaintiffs' Complaint.

(Unnumbered paragraphs of Plaintiffs' Complaint immediately

following Paragraph 135 beginning with the words

"Under Georgia law, the tort of false imprisonment...")

This Defendant denies that he committed the tort of false imprisonment against the Plaintiff to the extent that is alleged in the unnumbered paragraphs immediately following Paragraph 135 of Plaintiffs' Complaint.  This Defendant denies the balance of the allegations contained in the unnumbered paragraphs of the Plaintiffs' Complaint beginning with the words "Under Georgia law, the tort of false imprisonment...", immediately following Paragraph 135 of Plaintiffs' Complaint.

136.

Denied.

137.

Denied.

138.

Denied.

139.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant. This Defendant denies the balance of the allegations contained in Paragraph 139 of the Plaintiffs' Complaint.

140.

Denied.

141.

Denied.

142.

This Defendant denies that he committed any false imprisonment as to the Plaintiffs. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 142 of the Plaintiffs' Complaint.

143.

This Defendant denies that he committed any false imprisonment as to the Plaintiffs. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 143 of the Plaintiffs' Complaint.

(Unnumbered paragraph of Plaintiffs' Complaint immediately

following Paragraph 143 beginning with the words "Under

Georgia law, a criminal prosecution that is pursued maliciously...")

This Defendant denies that he committed any malicious prosecution against the

Plaintiff under any law.   This  Defendant  denies  the balance of the allegations

contained in the unnumbered paragraph of the Plaintiffs' Complaint immediately

following Paragraph 143 beginning with the words "Under Georgia law, a criminal

prosecution that is pursued maliciously...".

144.

Denied.

145.

Denied.

146.

Once again, this Defendant denies that the Marietta police officers or anyone

else at the scene was acting pursuant to any assertions or allegations made by this

Defendant or at the behest of or on behalf of this Defendant.  This Defendant denies

the balance of the allegations contained in Paragraph 146 of the Plaintiffs' Complaint.

147.

Denied.

148.

Denied.

149.

This Defendant generally understands that Plaintiff Lewis was charged with crimes at some point after the allegations complained of by the Plaintiffs in the Plaintiffs' Complaint. This Defendant denies that he was responsible for the Plaintiff being charged with any crimes or held by the authorities. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 149 of the Plaintiffs' Complaint.

150.

This Defendant generally understands that the charges against Plaintiff Lewis were dismissed at some point in time. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 150 of the Plaintiffs' Complaint.

(Unnumbered paragraph of Plaintiffs' Complaint beginning

with the words "The four elements..." immediately

following Paragraph 150 of the Plaintiffs' Complaint)

This Defendant denies that he caused an intentional infliction of emotional distress upon the Plaintiff under any law. This Defendant denies the balance of the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint immediately following Paragraph 150 that begins with the words "The  four elements...".

151.

Denied.

152.

Denied.

153.

Denied.

(Unnumbered three paragraphs of Plaintiffs' Complaint immediately following Paragraph 153 beginning with the words "Under Georgia law...")

This Defendant denies that he is vicariously liable for the conduct of any other person or entity to the extent that is alleged by the Plaintiffs. Furthermore, this Defendant denies the balance of the allegations contained in the three unnumbered paragraphs of Plaintiffs' Complaint that immediately follow Paragraph 153 of the Plaintiffs' Complaint, and begin with the words "Under Georgia law..".

(Unnumbered paragraph of Plaintiffs' Complaint after Paragraph
153 of the Plaintiffs' Complaint beginning with the letter "e.")

Denied.

(Unnumbered paragraph of Plaintiffs' Complaint after Paragraph
153 of the Plaintiffs' Complaint beginning with the letter "f.")

Denied.

(Unnumbered paragraph of Plaintiffs' Complaint following Paragraph 153 of
Plaintiffs' Complaint beginning with the letter "g.")

Denied.

(Unnumbered paragraph following Paragraph 153 of

Plaintiffs' Complaint beginning with the words

"Pursuant to MARTIN v. SIX FLAGS OVER GEORGIA...")

This Defendant denies that he is responsible under any premises liability theory to the Plaintiffs to the extent that is alleged in the subject paragraph. This Defendant further denies the allegations contained in the unnumbered paragraph of the Plaintiffs' Complaint beginning with the words "Pursuant to MARTIN v. SIX FLAGS OVER GEORGIA...".

154.

This Defendant admits, upon information and belief, that the Plaintiffs apparently entered the premises with the intent of ordering food. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 154 of the Plaintiffs' Complaint.

155.

Denied.

156.

Once again, this Defendant denies that the Marietta police officers or anyone else at the scene was acting pursuant to any assertions or allegations made by this Defendant or at the behest of or on behalf of this Defendant. This Defendant denies the balance of the allegations contained in Paragraph 156 of the Plaintiffs' Complaint.

157.

Denied.

(Unnumbered paragraphs contained in the Plaintiffs'

Complaint in the two paragraphs following Paragraph 157

which begin with the words "Loss of consortium damages...")

This Defendant denies that he is responsible for loss of consortium damages or that he caused loss of consortium damages to the Plaintiffs in any way under any law. This Defendant denies the balance of the allegations contained in the unnumbered paragraphs of the Plaintiffs' Complaint immediately following Paragraph 157 beginning with the words "Loss of consortium damages...".

(The Plaintiffs' Complaint contained no Paragraphs 158-163).

164.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 164 of the Plaintiffs' Complaint. By way of further response, to the extent that the Plaintiffs are trying to claim in this paragraph that this Defendant caused any such alleged losses or damages, such allegations are denied.

165.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 165 of the Plaintiffs' Complaint. By way of further response, to the extent that the Plaintiffs are trying to claim in this paragraph that this Defendant caused any such alleged losses or damages, such allegations are denied.

166.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 166 of the Plaintiffs' Complaint. By way of further response, to the extent that the Plaintiffs are trying to claim in this paragraph that this Defendant caused any such alleged losses or damages, such allegations are denied.

167.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 167 of the Plaintiffs' Complaint. By way of further response, to the extent that the Plaintiffs are trying to claim in this paragraph that this Defendant caused any such alleged losses or damages, such allegations are denied.

168.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 168 of the Plaintiffs' Complaint. By way of further response, to the extent that the Plaintiffs are trying to claim in this paragraph that this Defendant caused any such alleged losses or damages, such allegations are denied.

169.

This Defendant denies the allegations contained in the final, unnumbered paragraph of the Plaintiffs' Complaint which begins with the word "Wherefore".

## SEVENTEENTH DEFENSE

Any and all other allegations contained in the Plaintiffs' Complaint not specifically admitted are denied.

WHEREFORE, having fully answered, this Defendant prays that he hence be discharged of Plaintiffs' Complaint on all the aforesaid defenses, for a trial by a jury as provided for by F.R.C.P., Rule 38 and O.C.G.A. § 15-12-122(a)2, and that judgment be entered in favor of this Defendant and against the Plaintiffs with all costs cast upon the Plaintiffs.

PENNA MENDICINO LLP

BY:   s/Derek A. Mendicino
      DEREK A. MENDICINO
      Georgia State Bar No. 502064
      Attorney for Defendant
      Joseph "Bubba" Sudderth

1902 Old Covington Highway, S.W.
Conyers, Georgia  30012-3920
(770) 602-4312
(770) 602-4313 [fax]
dam@pennamendicinolaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RENARDO NEHEMIAH LEWIS and )
LUBREEZE LEWIS-[FRANKLIN], )
                               )
         Plaintiffs            )
v.                             )        CIVIL ACTION
                               )
CITY OF MARIETTA; DAN FLYNN    )        FILE NO. 1:21-CV-01883-ELR
Police Chief Individual and Professional )
Capacity; Officers Enrique Mallen [now )
terminated], Individual and Professional )
Capacity; Officer Joshua Madison, )
Individual and Professional Capacity; )
Officer Stacey Fowler, Individual and )
Professional Capacity; Officer Noah Mack, )
Individual and Professional Capacity; Cobb )
County Sheriff Neil Warren, in his Personal )
and Professional Capacity; MUHAMMED )
IFTIKHAR CEO, Individual and Personal; )
IFTIKHAR ENTERPRISES, INC., doing )
business as IHOP; David Vanzant, in his )
Individual and Professional Capacity as )
Cook/Floor Manager; Joseph "Bubba" )
Sudderth, in his Individual and Professional )
Capacity and JOHN DOE(S) (to be named )
later), )
                               )
         Defendants.           )

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer of Defendant Joseph

"Bubba" Sudderth, in his Individual and Professional Capacity, to Plaintiffs'

Complaint was filed with the Clerk of Court using the CM/ECF filing system, which

will automatically send email notification of such filing to counsel/parties of the

Court's records.

Kamau K. Mason, Esq.
LAW OFFICES OF KAMAU K. MASON & ASSOCIATES
3036 Woodrow Drive
Lithonia, Georgia  30038
kkmason@yahoo.com

Sarah Flack, Esq.
SARAH FLACK LAW, LLC
1100 Peachtree St., NE, Ste. 250
Atlanta, Georgia  30309
sarah@sarahflacklaw.com

C. Victor Long, Esq.
Post Office Box 310928
Atlanta, Georgia  30331
attjud@bellsouth.net

Philip W. Savrin, Esq.
Sara E. Brochstein, Esq.
FREEMAN MATHIS & GARY, LLP
100 Galleria Pkwy., Ste. 1600
Atlanta, Georgia  30339-5948
psavrin@fmglaw.com
sbrochstein@fmglaw.com

Lauren S. Bruce, Esq.
H. William Rowling, Jr., Esq.
COBB COUNTY ATTORNEY'S OFFICE
100 Cherokee St., Ste. 350
Marietta, Georgia  30090
lauren.bruce@cobbcounty.org
H.William.Rowling@cobbcounty.org

Muhammed Iftikhar
2400 Sandy Plains Rd., Bldg. 5, Ste. 502
Marietta, Georgia  30066

David Vanzant
2040 Leatherleaf Ct., SW
Marietta, Georgia  30008-5921

This  4  day of June, 2021.

PENNA MENDICINO LLP

BY:   s/Derek A. Mendicino
      DEREK A. MENDICINO
      Georgia State Bar No. 502064
      Attorney for Defendant
      Joseph "Bubba" Sudderth

1902 Old Covington Highway, S.W.
Conyers, Georgia  30012-3920
(770) 602-4312
(770) 602-4313 [fax]
dam@pennamendicinolaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing document has been prepared in Times New Roman 14 point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).