## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RENARDO NEHEMIAH LEWIS, et al.,     *
                                    *
            Plaintiffs,             *
                                    *
    v.                              *        1:21-CV-01883-ELR
                                    *
CITY OF MARIETTA, et al.,           *
                                    *
            Defendants.             *
                                    *

_____

## O R D E R

_____

There are several matters pending before the Court.  The Court's reasoning and conclusions are set forth below.

## I.    Background[1]

This case arises from an incident at an IHOP restaurant in Cobb County, Georgia, on the evening of March 30, 2019.  See generally Compl. [Doc. 1-1 at 26]. Upon Plaintiffs' arrival at the restaurant, the employee at the register, Defendant Joseph Sudderth, informed Plaintiff Renardo Nehemiah Lewis that the restaurant was out of bacon.  See id. ¶¶ 7–8.  Plaintiff Lewis then exited the restaurant to ask

---

[1] As required when analyzing a Rule 12 motion to dismiss, the Court accepts all allegations within the Complaint as true and draws all reasonable inferences in favor of the non-moving party.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (courts take allegations within a complaint as true for a facial challenge to subject matter jurisdiction pursuant to Rule 12(b)(1)).

his wife, Plaintiff Lubreeze Lewis-Franklin, what she wanted to order.  See id. ¶ 9.

Approximately five (5) minutes later, Plaintiff Lewis re-entered the restaurant and

was told by Defendant Sudderth that the grill was now closed.  See id. ¶¶ 10–11.

According to Plaintiffs, Plaintiff Lewis and Defendant Sudderth "exchanged words"

regarding Sudderth's "lack of professionalism" before Defendant Sudderth walked

away.  See id. ¶¶ 13–14.

Following this exchange, Defendant David Vanzant, an IHOP cook/manager,

called the police, reporting that Plaintiff Lewis had threatened the restaurant staff

and had a weapon.  See id. ¶ 15.  According to Plaintiffs, Defendant Vanzant's

statements to the police were utterly false.  See id. ¶¶ 16, 42–43.  Officers from the

Marietta Police Department responded to the call, including Defendants Enrique

Mallen, Joshua Madison, Stacey Fowler, and Noah Mack (collectively, the "Officer

Defendants"), and after arriving at the restaurant, proceeded to question Defendant

Sudderth.  See id. ¶¶ 17–18.  During the questioning, an altercation erupted between

Plaintiff Lewis and the Officer Defendants, particularly Defendant Mallen, which

led three (3) of the Officer Defendants (Mallen, Fowler, and Mack) to surround

Plaintiff Lewis, pin him to a wall, and arrest him.  See id. ¶¶ 19–29.  Plaintiff Lewis

alleges that while arresting him, the Officer Defendants beat him, causing damage

and swelling to one of his eyes as well as head trauma.  See id. ¶ 30.  Plaintiff Lewis

was then taken to the hospital.  See id. ¶ 33.

Plaintiff Lewis was subsequently charged with twenty-seven (27) counts, "including terroristic threats and assault," and was held in jail for more than thirty (30) days until he obtained a bond on May 2, 2019. See id. at ¶¶ 32, 35. Thereafter, on May 15, 2019, members of the Cobb County Sheriff's Fugitive Task Force purportedly came to Plaintiffs' home to arrest Plaintiff Lewis again, forcibly removing him from his home, "only to determine on the way to the jail that the arrest was in error." See id. ¶ 40.

Consequently, on March 29, 2021, Plaintiffs filed their Complaint in the Superior Court of Cobb County, Georgia, alleging various claims pursuant to 42 U.S.C. § 1983 and related state law claims. See generally id. Defendants removed this action to this Court on May 6, 2021. See Notice of Removal [Doc. 1]. Thereafter, on May 13, 2021, two (2) motions to dismiss were filed: one by Defendant Sheriff Craig D. Owens, Sr. [Doc. 5] and the other by Defendant City of Marietta along with Defendant Dan Flynn and the Officer Defendants (together, the "Marietta Defendants") [Doc. 6], to which Plaintiffs filed responses in opposition on June 3, 2021. [See Docs. 11, 12]. Plaintiffs also moved contemporaneously with its response in opposition to the Marietta Defendants' motion to dismiss for leave to file additional pages beyond this district's page limit. [See Docs. 11, 19]. All three (3) motions are ripe for the Court's determination. The Court first addresses Plaintiffs' motion for excess pages before turning the pending motions to dismiss.

## II.     Plaintiffs' "Motion for Additional Pages" [Doc. 19]

Within their response brief to the Marietta Defendants' motion to dismiss, Plaintiffs sought leave to file an additional nineteen (19) pages in excess of the page limit set forth by this district's local rules. [See Doc. 19 at 46]; see also LR 7.1(D), NDGa. ("Absent prior permission of the court, briefs filed in support of a motion or in response to a motion are limited in length to twenty-five (25) pages.").  Upon review, the Court denies Plaintiffs' request due to failure to comply with the Local Rules of this district and the Court's Instructions.  Not only did Plaintiffs disregard this district's page limit and fail to receive leave for excess pages prior to filing their response, but Plaintiffs also failed to accompany their motion with a memorandum of law as required and included their instant motion within their response brief.  See LR 7.1(A)(1), NDGa. ("Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority."); [see also Doc. 11 at 46–47].  Further, the Parties received "Instructions for Civil Cases Assigned to the Honorable Eleanor L. Ross" on May 10, 2021.  [Doc. 2].  As pertinent here, the  undersigned's Instructions provide:

> Parties seeking an extension of the page limit *must do so at least five (5) days in advance of their filing deadline* and should explain with specificity the reasons necessitating the extension.  If a party files a motion to extend the page limit at the same time his or her brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating the Rule.  The Court will also not consider any arguments made in pages which exceed the Local Rules'

requirements.

[See id. at 4] (emphasis added).

Contrary to the undersigned's Instructions, Plaintiffs did not move to extend the page limit for their response brief at least (5) days in advance of their May 27, 2021 deadline, but instead filed their "Motion to File Additional Pages" concurrently with the response brief at issue (which exceeds the twenty-five (25) page limit by nineteen (19) pages). [See Docs. 11 at 46; 19 at 46].   The Court finds that Plaintiffs fail to provide any "compelling and unanticipated reason" for violating the Court's Instructions as Plaintiffs merely state that additional pages are needed "to examine every element of the present claim and provide analysis."   [See Doc. 19 at 46]. Accordingly, the Court denies Plaintiffs' motion for excess pages.  [See id.]

## III.   Pending Motions to Dismiss [Docs. 5, 6]

Next, the Court turns to the pending motions to dismiss.  [Docs. 5, 6].  As an initial matter, the Court notes that Plaintiffs' responses to the respective motions to dismiss are untimely.  [See Docs. 11, 12].  Consequently, the Court considers whether it should treat the pending motions to dismiss as unopposed.  The motions to dismiss were both timely filed on May 13, 2021. [See Docs. 5, 6].  Accordingly, Plaintiffs' response briefs were due on May 27, 2021.  See LR 7.1(B), NDGa. ("Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after

service of the motion").  However, Plaintiffs did not file their response briefs until June 3, 2021, one week after the applicable deadline.  [See Docs. 11, 12].

Local Rule 7.1(B) provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion."  See LR 7.1(B), NDGa.  Moreover, Local Rule 7.1(F) provides that the Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of the Local Rules.  See LR 7.1(F), NDGa.

In this case, Plaintiffs, without explanation or leave of the Court, did not file their responses to the pending motions to dismiss until after the deadline to do so had expired.  [See Doc. 11, 12].  Upon consideration, the Court exercises its discretion and declines to consider Plaintiffs' untimely response briefs.  [See id.]  Accordingly, the Court construes the pending motions to dismiss as unopposed.

Next, the Court turns to the substance of the pending motions to dismiss.  The Court notes that, in support of their motion to dismiss, the Marietta Defendants begin with the contention that Plaintiffs' Complaint fails to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10, and, therefore, the Complaint should be dismissed as a "shotgun pleading."  [See Doc. 6-1 at 5–9].  The Marietta Defendants represent that they are unable to "discern what actionable claims" Plaintiffs allege against them, and as a result, cannot craft a proper response

"[w]ithout a clear statement of who [P]laintiffs are suing and under what legal theories[.]"  [See id. at 8–9].  The Court addresses this argument first.

Plaintiffs are required to make a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  See FED. R. CIV. P. 8(a).  Plaintiffs must also state each theory of liability separately "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  See FED. R. CIV. P. 10(b).  "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015); see also LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818–19 (11th Cir. 2015) (per curiam) (noting that the Eleventh Circuit "has repeatedly condemned shotgun pleadings" that did not comply with Rules 8 or 10).

In Weiland, the Eleventh Circuit identified four "rough types or categories of shotgun pleadings" as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

See 792 F.3d at 1322–23 (internal footnotes omitted).  Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  See id.

Here, the Marietta Defendants maintain that Plaintiffs' Complaint is a shotgun pleading because Plaintiffs do not specify which factual allegations apply to which Officer Defendants, instead only referring to the Officer Defendants in the collective sense.  [See Doc. 6-1 at 7–8].  Additionally, the Marietta Defendants argue that the Complaint is vague and convoluted, pointing specifically to Plaintiffs' Count I, wherein Plaintiffs merely provide a legal conclusion with no factual allegations in support, and Count V, which appears to include claims for three separate causes of action pursuant to three different statutes within one count.  [See id. at 8].

Upon careful review of Plaintiffs' Complaint, the Court finds that it violates Federal Rules of Civil Procedure 8 and 10.  First, the Complaint represents the third type of shotgun pleading described by Weiland because, at times, it fails to "delineate [their] causes of action into separate counts."  See 792 F.3d at 322–23; Novak v. Cobb Cnty. Kennestone Hosp. Auth., 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996) (referring to a complaint that pleaded several discrete causes of action in a

8

single count as "a quintessential 'shotgun pleading'"); see also Baldwin v. Barrett Daffin Frappier Turner & Engel, LLP, No. 1:19-CV-02022-AT-RGV, 2019 WL 11343472, at *6 (N.D. Ga. Aug. 16, 2019), report and recommendation adopted, No. 1:19-CV-2022-AT, 2019 WL 11364959 (N.D. Ga. Sept. 4, 2019).  For example, from what the Court can discern, Counts V and XX propound claims relating to racial profiling based on multiple legal theories within the same count, including as a violation of the Fourth Amendment, 34 U.S.C. § 12601, and Title VI of the Civil Rights Act of 1964.  See Compl. at 11–12, 26.

Next, the Court agrees that Plaintiffs' Count I, as currently drafted, fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  See Weiland at 1323.  Count I sets out a conclusory claim for a Fourth Amendment violation without any accompanying factual allegations. See Compl. at 7.  Moreover, it is unclear against which Defendants Plaintiffs assert Count I as the Complaint merely states that it is against "Each Above Named Defendant."[2]  See id.  Additionally, the Court notes that paragraphs throughout Plaintiffs' Complaint are unnumbered in violation of Rule 10(b).  See id., e.g., at 10, 11, 13, 15–16; see also FED. R. CIV. P. 10(b) ("A party must state its claims or

---

[2] It appears to the Court that Count I relates only to the Marietta Defendants.  However, the confusion caused by the shotgun pleading of this count is apparent from Defendant David Vanzant's Answer, in which he states that Count I is not directed against him, but also denies the contentions therein "to the extent that [Count I] may be interpreted to contain allegations against him."  [See Doc. 23 at ¶ 46].

defenses in numbered paragraphs . . .").  Further, "the legal citations and arguments included by [Plaintiffs] have no place in a complaint."  See Baldwin, 2019 WL 11343472, at *6; see also Compl. ¶¶ 48, 103–107.[3]  Accordingly, for the foregoing reasons, the Court finds Plaintiffs' Complaint to be an impermissible shotgun pleading.

However, the Court finds that the appropriate course of action is to provide Plaintiffs the opportunity to amend their Complaint.[4]  The Eleventh Circuit has repeatedly explained that when a district court receives a shotgun pleading, the Court "should strike [the pleading] and instruct counsel to replead the case."  See Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357–58 (11th Cir. 2018)).  This instruction applies "even when the other party does not move to strike the pleading." See id.  In amending their Complaint, the Court instructs that Plaintiffs must separate each cause of action or claim for relief into different counts, state their allegations in numbered paragraphs, specify the relevant conduct that each Defendant engaged in for each count, make clear (through citations to numbered paragraphs) which factual

_____

[3] Specifically, as to paragraphs 103 through 107 regarding a state law claim for negligence asserted against the Cobb County Sheriff, the Court notes that it is unclear whether the allegations therein relate to the conduct at issue or describe the facts in the case cited by Plaintiffs.  See Compl. ¶¶ 103–107.

[4] Because the Court finds that the proper course of action is to permit Plaintiffs to file an amended Complaint, the Court declines to address the merits of both Defendant Sheriff Owens' motion to dismiss and the Marietta Defendants' additional arguments in support of their motion to dismiss and denies the instant motions to dismiss.  [Docs. 5, 6].

allegations pertain to which claims, provide the specific grounds upon which each claim for relief is based, and remove inappropriate legal arguments contained within the Complaint.  In addition to correcting the deficiencies identified herein, the Court cautions Plaintiffs that their amended complaint must otherwise comply with the pleading standards of the Federal Rules of Civil Procedure.  Plaintiffs' failure to comply with these directives may result in dismissal of this action.  See Jackson, 898 F.3d at 1358.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' "Motion to File Additional Pages."  [Doc. 19].  Next, the Court **DENIES** Sheriff Craig Owens' "Motion to Dismiss" [Doc. 5] and **DENIES** the Marietta Defendants' "Motion to Dismiss" [Doc. 6], instead finding that instructing Plaintiffs to amend their Complaint is the appropriate course of action.

Finally, the Court **DIRECTS** Plaintiffs to file an amended Complaint within twenty-one (21) days from the date of entry of this order correcting the deficiencies identified above.  The Court **DIRECTS** the Clerk to submit this action after expiration of the twenty-one (21)-day period.

**SO ORDERED**, this 3rd day of March, 2022.

Eleanor L. Ross
United States District Judge
Northern District of Georgia